[No. 1831, February 21, 1916.]

## STATE v. COPPINGER.

### SYLLABUS BY THE COURT.

1. Section 102, C. L. 1897, held not to be repealed by later acts of the Legislature.

P. 437

2. Section 102, C. L. 1897, held to be a valid exercise of the police power.

P. 437

3. Section 102, C. L. 1897, held to include sheep kept for breeding.

P. 437

Appeal from District Court, San Juan County; E. C. Abbott, Judge.

Joe Coppinger was convicted of pasturing animals in violation of Comp. Laws 1897, § 102, and appeals. Affirmed.

GEORGE F. BRUINGTON of Aztec and B. B. RUSSELL and W. A. REESE of Durango, Colo., for appellant.

Sec. 102, C. L. 1897, is in conflict with the Constitution and enabling act.

Sec. 2, art. 21, Const. N. M.; Gibson v. Schoteau, 13 Wall. 92; Jourdan v. Barrett, 4 How. 169; Canfield v. U. S., 167 U. S. 518; Buford v. Houtz, 133 U. S. 32.

The last mentioned section has been repealed.

C. 28, L. 1901; c. 73, L. 1901; c. 130, L. 1905; c. 73, L. 1903; c. 55, L. 1905; c. 70, L. 1909.

When a later statute is a complete revision of the subject to which the earlier statute related and the new legislation was manifestly intended as a substitute for the former legislation the prior act must be held to have been repealed.

Kent v. United States, 38 U. S. App. 554, quoted and approved in United States v. Rantlett, 172 U. S. 133, 140, 43 Law Ed. 393; United States v. Tynen, 11 Wall. 95, 20 Law Ed. 153; Weeks v. Wolcott, 15 Gray, 54; Nichols v. Squire, 5 Pick. 168; Board v. Potts, 10 Ind. 286; Pierpont v. Crouch, 10 Cal. 315; see also to the same effect: Norris v. Crocker, 13 Howard, 429, 14 Law Ed. 210; Bartlett v. King, 12 Mass. 536, 7 Am. Dec. 99, 105; Jeople v. Jannus, 103 N. Y. 182, 3 N. E. 374; State v. Mason, 108 Ind. 48, 8 N. E. 716; Murdock v. Mayor, 20 Wall. 590, 22 Law Ed. 429; Kohlsaat v. Murphy, 96 U. S. 153, 24 Law Ed. 846; United States v. Calflin, 97 U. S. 546, 24 Law Ed. 1082.

Where general and special designations are contained in an act the latter prevails.

U. S. v. Chase, 135 U. S. 255; U. S. v. Stever, 222 U. S. 167.

As to construction of act, see:

U. S. v. Wiltberger, 5 Wheat. 76; Sarlls v. U. S., 152 U. S. 570; License Tax Cases, 72 U. S. 462; State v. Hayes, 32 Pac. (Mont.) 415; State v. Butman, 60 Am. R. 332; State v. Myers, 47 N. E. 138; Harris v. Commonwealth, 59 Am. R. 666; Murray v. State, 57 Am. R. 623; Daggett v. State, 10 Am. Dec. 100; McFadden v. Blocker, 58 L. R. A. 878; U. S. v. Santistevan, 1 N. M. 583.

HARRY S. BOWMAN, Assistant Attorney General, for the State.

Sec. 102, C. L. 1897, is a valid exercise of police power.

Bacon v. Walker, 204 U. S. 311; Brown v. Walling, 204 U. S. 320; Cooley's Const. Lim. 829, 890.

Said law was not repealed by implication.

## OPINION OF THE COURT.

MECHEM, District Judge.—Appellant was convicted of a violation of that part of section 102, C. L. 1897, which is as follows:

"It shall not be lawful for any person in this territory to pasture any kind of the lesser animals, such as milch goats and sheep, sheep for sale, etc., in any quantity whatever near the settlements or cultivated lands either public or individual, of any person or persons except at a distance of two miles from all cultivated lands or settlements. Any person or persons who shall violate the provisions of this act, may be accused before any justice of the peace, and upon conviction thereof shall be fined in a sum not exceeding ten dollars."

The assignment of errors present three questions: (1) Has the statute been repealed? (2) Is the statute invalid as an invasion of the control by the federal government over public lands? (3) Was the construction placed by the trial judge upon the statute incorrect?

[1] This statute is no longer in effect, having been repealed by the repealing clause contained in the Codification of 1915, p. 1665, but the action was commenced prior to the repeal, and is not affected thereby. It is claimed, however, that the statute was impliedly repealed by chapter 28, Laws 1901, as amended by chapter 75, Laws of 1901 (Code 1915, § 39); chapter 73, Laws 1903; chapter 55, Laws 1905; chapter 70, Laws 1909 (Code 1915, §§ 2340, 2341); chapter 13, Laws 1909 (Code 1915 §§ 2342-2345); and chapter 94, Laws 1909. All of these various acts relate to trespass by live stock upon private lands, fences required to give right of action for damages by owners of lands against the owners of live stock, and the procedure for the collection of such damages. None of them are repugnant to section 102, C. L. 1897, and do not cover any part of the same subject. Sections 4636 and 4637 were enacted before section 102, C. L. 1897; so, if they conflict, which we do not decide, the latter is not affected.

[2] On the authority of Bacon v. Walker, 204 U. S. 311, 27 Sup. Ct. 289, 51 L. Ed. 499, we hold the statute here to be a valid exercise of police power.

[3] The trial court instructed the jury that sheep kept for breeding were within the statute. The mischief intended to be remedied was the "sheeping off" of lands near settlements. By the close and continuous grazing of sheep and goats the turf is destroyed and the lands be-

come a barren waste. That breeding sheep or any kind or class of sheep in any considerable number are just as obnoxious by reason of their grazing as milk sheep or sheep kept for sale is perfectly obvious, and the general words used in the statute are large enough to cover breeding sheep. Against the manifest intention of the Legislature the rule ejusdem generis, even though applicable, which we do not concede to be the case here, will not prevail.

For the reasons above stated, the judgment of the lower court is affirmed.

ROBERTS, C. J., and PARKER, J., concur.

### SYLLABUS BY THE COURT.

